FILED

98 JUN 10 PM 3: 27

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
JUN 10 1998

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

In the Matter of:            }
                             }  Bankruptcy case No. 97-80971
JAMES R. McMEANS,            }  Chapter 11 Proceeding
                             }
     Debtor.                 }
                             }
─────────────────────────────}
                             }
JAMES R. McMEANS,            }
                             }
     Appellant-Debtor,       }  CIVIL ACTION NO.
                             }
     vs.                     }  CV-98-AR-544-NE
                             }
B&M REALTY, INC., AL SMITH,  }
and JOE BOB WHITT,           }
                             }
     Appellees-Defendants.   }

**MEMORANDUM OPINION**

This matter is before the court on an appeal taken by James R. McMeans ("McMeans"), the debtor in the above-entitled bankruptcy action, from two orders entered by the Bankruptcy Court for the Northern District of Alabama. The first order granted McMeans's counsel's request to withdraw as counsel. The first order also denied McMeans's motion for a continuance of the trial in this matter. The second order denied McMeans's second motion for a continuance of the trial. This court's jurisdiction arises from 28 U.S.C. § 158(a).

## I. *Pertinent Facts & Procedural History*

On July 31, 1997, McMeans filed this action against defendants in the Bankruptcy Court for the Northern District of Alabama. In his complaint, McMeans alleged that defendants had not adhered to an informal partnership arrangement he purportedly entered with them for the development of a residential subdivision. He demanded an accounting of the said partnership. On August 21, 1997, defendants filed an answer and counter-claim. In their counter-claim, defendants alleged that McMeans had failed to repay a loan and demanded a judgment totaling $22,643.46.

On September 15, 1997, the Bankruptcy Court, Honorable Jack Caddell presiding, entered a pretrial order which set out the pretrial schedule to be observed by the parties. In particular, the pretrial order mandated: (1) that, except for good cause shown, no additional parties, causes of action, or defenses could be added after December 5, 1997; (2) that the parties were to complete discovery by January 12, 1998; and (3) that the action was set for trial on January 26, 1998. In this pretrial, the bankruptcy court advised the parties that the trial date would be changed only in the event of exceptional circumstances. Finally, the pretrial order warned that any failure to comply with the pretrial schedule could result in an entry of default or a

dismissal of the action.

On January 21, 1998, McMeans's counsel, James T. Baxter, III ("Baxter"), filed both a motion to withdraw and a motion to continue the trial date. The motion indicated that McMeans and Baxter had "come to loggerheads over the direction the remaining time, effort, and energy involved in this matter should be devoted to and the actions necessary to proceed further in this case." According to the motion, it was "improbable, if not impossible, for [Baxter] to continue to act in accordance with the law of Alabama, the United States of America and the rules of this court, and, at the same time, to follow the bidding of [McMeans]." Finally, the motion requested that the bankruptcy court continue the trial date either to allow McMeans to obtain substitute counsel or to be in a position to represent himself. On the same day that Baxter filed these motions, the bankruptcy court entered an order granting the motion to withdraw and denying the motion to continue. The next day, January 22, 1998, McMeans appeared *pro se* and filed a motion to continue the trial date. As grounds for his motion, McMeans stated that he had been "effectively denied representation due to [Baxter's] actions."

On January 26, 1998, the bankruptcy court began the trial by asking McMeans in unambiguous terms if he had consented to Baxter's withdrawal. McMeans responded affirmatively. Tr. at 2.

3

McMeans then went on to say:

> I had a motion before the court for a continuancy due to the fact that my attorney withdrew. And the reason for him withdrawing is because I gave him a wit asking him to do specific things, such as get more records and take another deposition from Joe Bob [Whitt] and Al [Smith] in this matter. And I'd also ask for a deposition from Charles Plager, which is linked to this at the deposition of Gerald Monk. And these things never happened. We're running out of time and I felt like that [sic] my case wasn't being handled adequately. So I gave [Baxter] the writ and asked for these things to take place.

*Id.* The bankruptcy court next asked McMeans he had contacted other counsel about representing him. McMeans stated that, although he had spoken with three other attorneys, none would agree to represent him without a continuance. *Id.* at 4.

Following this exchange with McMeans, the bankruptcy court then inquired as to whether defendants objected to a continuance. *Id.* at 7. Defendants responded affirmatively. *Id.* In so doing, counsel for defendants explained that significant time had gone into preparing for this trial and that a continuance would require counsel to duplicate that effort at considerable expense to their clients. *Id.* at 6-7. Immediately thereafter, the bankruptcy court orally denied McMeans's outstanding motion to continue. *Id.* at 8.

Once the bankruptcy court ruled on the motion to continue, it asked McMeans if he was prepared to go forward with the trial and to present evidence. *Id.* at 13. McMeans informed the court

4

that he did not have any evidentiary materials to present. *Id.* at 15. Apparently, Baxter had imposed a lien on McMeans for failure to pay for his services, and, as a result, Baxter had retained all materials associated with this case. *Id.* at 11. Following this response, defendants volunteered to waive their counter-claims and orally moved for a judgment as a matter of law. *Id.* at 15. The bankruptcy court granted Defendant's oral motion, and the proceedings concluded. *Id.*

## II. *Standard of Review*

A bankruptcy court's conclusions of law are subject to *de novo* review by the district court. See <u>In Re G.S.F. Corp.</u>, 938 F.2d 1467 (1st Cir. 1991); <u>In Re Daniels-Head Assocs.</u>, 819 F.2d 914 (9th Cir. 1987). The district court should not set aside a bankruptcy court's findings of fact unless clearly erroneous. *See* Bankruptcy Rule 8013.

## III. *Discussion*

On appeal, McMeans argues, in essence, that the Bankruptcy Court committed error by: (1) granting McMeans's counsel's motion to withdraw; and (2) by denying McMeans's motions to continue the

5

trial date.[1]  The court will address each of McMeans's arguments in turn.

### A. *The Motion to Withdraw*

McMeans contends that the bankruptcy court erred in allowing Baxter to withdraw as his counsel only five days before this matter was set for trial.  "[T]he grant or denial of an attorney's motion to withdraw is matter within the sound discretion of the [trial] court and may be reversed only when that court abused its discretion." *Silberman v. Wigod*, 1990 WL 127568 at *3 (7th Cir.) (citing *washington v. Sherwin Real Estate*, 694 F.2d 1081, 1087 (7th Cir. 1982)); *Ohntrup v. Firearms Ctr., Inc.*, 802 F.2d 676, 679 (3d Cir. 1986).  In keeping with this authority, the court will review the bankruptcy court's decision regrading Baxter's withdraw for abuse of discretion.

A review of the record in this case reveals that Baxter's principal motivation in seeking leave to withdraw was that McMeans and he had come to "loggerheads" concerning the representation.  In particular, Baxter represented to the bankruptcy court that McMeans was asking him to pursue claims against defendants that Baxter viewed as improper.  Furthermore,

---

[1] Another issue on appeal is whether McMeans's notice of appeal, which he filed *pro se*, was both timely and procedurally sufficient.  In their brief, defendants concede this issue.  Appellees' Brf. at 7.  Accordingly, the court will address only those issues outlined above.

McMeans demonstrated his apparent lack of trust in Baxter's abilities when, in his *pro se* motion to continue, he represented to the bankruptcy court that he had "been effectively denied representation by [Baxter's] actions." Finally, the record reveals that, when the bankruptcy court asked McMeans in no uncertain terms if he had consented to Baxter's withdrawal, McMeans responded affirmatively. Tr. at 2.

In light of these circumstances, this court is unwilling to say that the bankruptcy court abused its discretion in granting Baxter's motion to withdrawal. It is well settled that where, as here, client and counsel demonstrate that there is an irreparable breakdown in their communications and/or trust, a motion to withdraw is properly granted. *Silberman*, 1990 WL 127568 at *4; *Sherwin*, 694 F.2d at 1088. Accordingly, with respect to Baxter's motion to withdraw, the decision of the bankruptcy court is due to be affirmed.

### B. The Motions to Continue

McMeans also contends that the bankruptcy court erred in refusing to grant him a continuance of the trial date after it allowed Baxter to withdraw with only five days to go before trial. According to McMeans, the bankruptcy court's refusal to continue the trial under such circumstance amounted to a denial of due process.

It is well settled that the denial of a continuance is within the broad discretion of the trial court. *Arabian Am. Oil Co. v. Scarfone*, 939 F.2d 1472, 1479 (11th Cir. 1991). Such decisions will be reversed only where the appellant demonstrates that the trial court abused its discretion. *United States v. Lefkowitz*, 125 F.3d 608, 620 (8th Cir. 1997); *United States v. Kelly*, 973 F.2d 1145, 1147-48 (5th Cir. 1992); *Hashwani v. Barbar*, 822 F.2d 1038, 1040 (11th Cir. 1987). This standard reflects the view that "continuances are not favored and should be granted only when a compelling reason has been shown." *Lefkowitz*, 125 F.3d at 620. Therefore, as with McMeans's claim regarding the motion to withdraw, this court will review the bankruptcy court's decision for an abuse of discretion.

Notwithstanding McMeans's protestations to the contrary, a review of the record in this case reveals that, at least with respect to his *pro se* motion to continue, the bankruptcy court carefully considered the attendant circumstances before declining to grant a continuance of the trial date. The transcript indicates that the trial court was aware that, in the brief interim since Baxter's withdrawal, McMeans had been unable to secure substitute counsel. Tr. at 4. The lower court also was aware that, because Baxter had a lien against McMeans for his services, McMeans had no evidentiary materials to present on the

8

day of trial. Tr. at 11-12. Nevertheless, the bankruptcy court concluded that, because McMeans had consented to Baxter's withdrawal on the eve of trial, and because any delay would prejudice defendants in the form of duplicative trial preparation costs, a continuance was unjustified. Tr. at 8-9.

Although this court agrees with McMeans that the lower court's decision had a harsh result for him, it cannot say that the basis for the decision was unreasonable, or that, under the circumstances, the decision was an abuse of discretion, or the end result unjust. As the Eleventh Circuit has made clear, a withdrawal by counsel does not afford his client with an absolute right to a continuance. *Scarfone*, 939 F.2d at 1479 (affirming denial of continuance where attorney withdrew two days before trial). Consequently, the bankruptcy court's decisions concerning McMeans's motions to continue are due to be affirmed. While it is doubtful that McMeans will like this decision any more than he did that of the bankruptcy court, perhaps he can take comfort in the fact that, in exchange for his trouble, he got defendants to dismiss their counter-claims.

### IV. *Conclusion*

As a final matter, the court pauses to notes that, had it been sitting in the place of the bankruptcy judge in this case,

9

it probably would have dismissed the case with prejudice for want of prosecution, rather than enter a judgment for defendants. This is, perhaps, only a technical distinction without any real difference. Arguably, though, given the situation facing the court, an order of dismissal for want of prosecution would have been appropriate. Given that such an order would not change the substantive effect of the bankruptcy court's order for the parties, this court sees no need to spend additional judicial resources merely to require the bankruptcy court to give its order a different form.

The court will enter a separate and appropriate order in keeping with the conclusions reached hereinabove.

DONE this 10th day of June, 1998.

/s/ William M. Acker, Jr.
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE